UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INSPECTION MANAGEMENT SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> OPEN DOOR INSPECTIONS, INC., MICHAEL R. SCHEIDERICH; KEVIN SCHEIDERICH; BOB FISHER; RUN TANGENT, LLC, <br><br> Defendants. | 2:09-cv-00023-MCE-GGH <br><br> **TEMPORARY RESTRAINING ORDER** |

----oo0oo----

The above matter came before the Court upon Plaintiffs' Ex Parte Application, filed January 15, 2009 for entry of a Temporary Restraining Order, and request for an Order to Show Cause why a Preliminary Injunction should not issue. Following its review of the papers submitted on behalf of Plaintiff, the Court conducted a hearing at 3:00 p.m. on January 16, 2009. Matthew R. Eason appeared on behalf of Plaintiff. Defendants were represented by Robin Gentry.

1

Issuance of a temporary restraining order, as a form of preliminary injunctive relief, is an extraordinary remedy, and Plaintiffs have the burden of proving the propriety of such a remedy by clear and convincing evidence.  *See* <u>Granny Goose Foods, Inc. v. Teamsters</u>, 415 U.S. 423, 442 (1974).  In order to warrant issuance of such relief, Plaintiffs must demonstrate either: 1) a combination of probable success on the merits and a likelihood of irreparable injury; or 2) that serious questions are raised and the balance of hardships tips sharply in favor of granting the requested injunction.  <u>Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.</u>, 240 F.3d 832, 839-40 (9th Cir. 2001); <u>Winter v. Natural Resources Defense Council</u>, 129 S. Ct. 365, 375 (2008). (likelihood rather than possibility of success on the merits required for issuance of preliminary injunctive relief).  These two alternatives represent two points on a sliding scale, pursuant to which the required degree of irreparable harm increases or decreases in inverse correlation to the probability of success on the merits.  <u>Roe v. Anderson</u>, 134 F.3d 140-0, 1402 (9th Cir. 1998); <u>United States v. Nutri-cology, Inc.</u>, 982 F.2d 1374, 1376 (9th Cir. 1985).  Under either formulation of the test for granting injunctive relief, however, Plaintiffs must demonstrate a significant threat of irreparable injury.  <u>Oakland Tribune, Inc. v. Chronicle Publ. Co.</u>, 762 F.2d 1374 (9th Cir. 1985).

//
//
//
//

2

1  The propriety of a temporary restraining order, in
2 particular, hinges on a significant threat of irreparable injury
3 (Simula, Inc. Autoliv, Inc., 175 F.3d 716, 725 (9th Cir. 1999))
4 that must be imminent in nature.  Caribbean Marine Serv. Co. v.
5 Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).
6  Having considered the documents presented, and after hearing
7 arguments of counsel, the Court finds that Plaintiff has
8 demonstrated a significant threat of irreparable injury from the
9 various acts of unlawful competition alleged to have been
10 committed by Defendants.  Specifically, according to the
11 Declarations offered by Plaintiff, Defendant Michael R.
12 Scheiderich has breached his End User Licensing Agreement for use
13 of Plaintiff's home inspection software by copying and/or
14 emulating said software and developing for sale his own competing
15 version.  Plaintiff further claims that Defendant Scheiderich,
16 and the other named defendants, intend to launch their allegedly
17 infringing software at a national trade show for Home Inspectors
18 to be held between January 21, 2009 and January 25, 2009 in
19 Orlando, Florida.  The Court further finds that legal remedies
20 may be inadequate to redress such injury, and that Plaintiff has
21 demonstrated a likelihood of success on the merits.  Finally, the
22 Court also determines that any potential damage to Defendants is
23 outweighed by the threatened injury to Plaintiff.  Plaintiff's
24 Application for Temporary Restraining Order is consequently
25 GRANTED.  It is hereby ordered as follows:
26 //
27 //
28 //

A.  A Temporary Restraining Order shall be issued immediately.  Defendants, their officers, representatives, and all persons acting on their behalf, and all of them ("Defendants") are hereby enjoined and restrained, directly or indirectly, whether acting alone or in concert with others, as follows:

    1. Defendants are ordered to cease and desist from any further solicitation for sale, sale, development or operation of any software server program for home inspectors;

    2.  Defendants are ordered to refrain from any other conduct infringing on the IMS software, as identified within the End User Licensing Agreement attached to Plaintiff's Complaint as Exhibit "A".

B.  This Order shall remain in full force and effect pending further order of this Court.  A hearing on Plaintiffs' request for a preliminary injunction is scheduled for January 28, 2009 at 9:00 a.m..  Opposition to Plaintiffs' request for injunctive relief in that regard shall be filed by Defendants not later than January 22, 2009.  Plaintiffs' reply, if any, is due on January 26, 2009.

//
//

1    C.   Plaintiff shall post a bond in the amount of $25,000.00,
2    which must be posted not later than 4:00 p.m. on Monday,
3    January 20, 2009.  This Order shall take effect on
4    Plaintiff's posting of that bond.

6    IT IS SO ORDERED.

8    DATED this 16th day of January, 2009, at 4:15 p.m.

Dated: January 16, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

5