UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

INSPECTION MANAGEMENT SYSTEMS, INC.,

Plaintiff,

v.

OPEN DOOR INSPECTIONS, INC., MICHAEL R. SCHEIDERICH; KEVIN SCHEIDERICH; BOB FISHER; RUN TANGENT, LLC,

Defendants.

No. 2:09-cv-00023-MCE-GGH

**ORDER ENTERING DEFAULT**

----oo0oo----

Presently before the Court is the Motion brought by Plaintiff Inspection Management Systems, Inc. ("Plaintiff") for entry of default as to Defendants Open Door Inspections, Inc. and Run Tangent, LLC ("Defendants") on grounds that said Defendants are corporate entities not represented by counsel as required by Eastern District Local Rule 183(a). Plaintiff also requests that the Court strike Defendants' responsive pleadings given their lack of proper legal representation.

///

On April 14, 2010, when the Court granted defense counsel's Motion to Withdraw (Docket No. 107), it specifically advised Defendants that they could only appear by an attorney. Thereafter, by Minute Order dated April 28, 2010, the Court ordered that Defendants submit a further Status Report not later than May 28, 2010 regarding the issue of their representation. Defendants failed to submit the required Status Report.

Thereafter, on May 12, 2010, Plaintiff filed the instant Motion. To the extent the Motion seeks to strike the pleadings already entered by Defendants, it fails because the pleadings at issue were all filed while Defendants were indeed represented by counsel. The Court may nonetheless enter default, as requested by Plaintiff, for Defendants' subsequent violation of the local rule requiring corporate representation by an attorney. Employee Painters' Trust v. Ethan Enterprises, 480 F.3d 993, 998 (9th Cir. 2007).

Here, not only does Local Rule 183(a) require such representation, but the Court has repeatedly advised Defendants to obtain such representation to no avail. Defendants failed to respond to the Court's Order requiring that a Status Report on the issue be filed by May 28, 2010, and they further failed to oppose this Motion. Federal Rule of Civil Procedure 55(a) permits the entry of default not only where a party has failed to enter an appearance, but also to the extent that party fails to "otherwise defend". Here, Defendants' failure to retain counsel or to respond to the Court's inquiries and orders constitutes a failure to defend upon which default may properly be premised.

///

Given the foregoing, the Court GRANTS Plaintiff's Motion (Docket No. 110) to the extent it requests that default be entered in its favor and against Defendants Open Door Inspection, Inc. and Run Tangent, LLC. The Motion is, however, DENIED insofar as it asks that all responsive pleadings be stricken.

IT IS SO ORDERED.

Dated: June 30, 2010

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE